IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARIA ANGELINA MENDEZ MARQUEZ, JORGE ESCAMILLA MENDEZ, by and and through his Next Friend, Carlos Castillo, JUAN ESCAMILLA MENDEZ, by and through his Next Friend, Carlos Castillo, CRUZ ESCAMILLA MENDEZ, by and through his Next Friend, Carlos Castillo, CARLOS DIEGO ESCAMILLA MENDEZ, by and through his Next Friend, Carlos Castillo, HILARIO ESCAMILLA TRINADAD and FORENCIA BAUTISTA PINEDA, <br><br>            Plaintiffs, <br><br> v. <br><br> MISSISSIPPI COUNTY, MISSISSIPPI COUNTY SHERIFF'S DEPARTMENT, DONALD CHANCE, MISSISSIPPI COUNTY PUBLIC FACILITIES CORP., d/b/a MISSISSIPPI COUNTY AMBULANCE DISTRICT, JUDY BROWN and ERIC LIMBAUGH, <br><br>            Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No:    1:03CV106DDN |

## APPLICATION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT AND FOR APPROVAL OF MINORS' SETTLEMENT

Plaintiffs Maria Angelina Mendez Marquez, Carlos Castillo, as Next Friend of Jorge Escamilla Mendez, Juan Escamilla Mendez, Cruz Escamilla Mendez and Carlos Diego Escamilla Mendez, the minor children herein, Hilario Escamilla Trinadad and Forencia Bautista Pineda ("Plaintiffs"), by and through counsel, pursuant to R.S.Mo. §537.095, (2002) and R.S. Mo. §507.184 (2002), hereby apply to the Court for approval of the settlement of the causes of action and claims Plaintiffs have asserted against Defendants Mississippi County, Mississippi County Sheriff's Department, Donald Chance, Mississippi County Public Facilities, d/b/a Mississippi County Ambulance District, Judy Brown and Eric Limbaugh ("Defendants") for the death of J. Cruz Escamilla Bautista, a/k/a Ramone Escamilla Bautista ("Bautista").

The Plaintiffs request approval of the settlement on the following grounds:

1. Plaintiffs have asserted claims for damages against the Defendants arising out of the death of Bautista on April 10, 2002 after his incarceration at the Mississippi County Correctional Center, by Mississippi County Sheriff's Department, by Donald Chance, by Mississippi County Public Facilities, d/b/a Mississippi County Ambulance District, through Judy Brown and Eric Limbaugh in April, 2002, as is more specifically alleged in the First Amended Complaint filed herein. Defendants have generally denied Plaintiffs' claims for damages.

2. Plaintiffs' decedent, Bautista, is survived by his natural mother, Forencia Bautista Pineda, and his natural father, Hilario Escamilla Trinadad, his natural children, Jorge Escamilla Mendez, Juan Escamilla Mendez, Cruz Escamilla Mendez and Carlos Diego Escamilla Mendez, and his wife Maria Angelina Mendez Marquez, who are the sole persons entitled to bring this action for the wrongful death of Bautista under R.S.Mo. §537.080.1(1) (2002).

3. Pursuant to the provisions of R.S.Mo. §537.095 (2002), all individuals having any cause of action under §537.080.1 (2002) for the wrongful death of Bautista have been duly notified of this cause of action and the filing of the Application for Approval of Wrongful Death Settlement.

4. Although claims have been made against the Defendants, Defendants have denied and continue to deny any negligence or fault with respect to the incidents or occurrences more fully described in Plaintiffs' First Amended Complaint, and with respect to the death of Bautista on April 10, 2002.

5. Plaintiffs have continued to pursue their causes of action against the Defendants and believe that the amount of liability and damages attributable to Defendants has been and is contested as to liability and to the extent of damages.

6. Taking into consideration the expense, delay and uncertainty of litigation, Plaintiffs and Defendants have agreed to a settlement and compromise of the aforementioned

2

claims subject to the Court's approval.  The parties have agreed to settle all of Plaintiffs' claims against the Defendants, including Plaintiffs' claims for damages for the death of Bautista, for Bautista's conscious pain and suffering, and for pecuniary losses suffered by reason of Bautista's death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counseling, training, and support lost by reason of the death of Bautista and all other claims for damages against the Defendants arising out of the incidents set forth in Plaintiffs' First Amended Complaint, including all claims for damages for wrongful death of Bautista under §537.080 et. seq. and other damages to Bautista and his survivors, including the Plaintiffs and the minor children, arising out of the death of Bautista, the consideration for which is the payment of One Hundred Twenty-Two Thousand Five Hundred Dollars ($122,500.00).  The settlement consideration will be paid to Plaintiffs by Defendants Mississippi County, Mississippi County Sheriff's Department and Donald Chance paying the sum of Sixty Thousand Dollars ($60,000.00) and Defendants Mississippi County Public Facilities, d/b/a Mississippi County Ambulance, Judy Brown and Eric Limbaugh paying the sum of Sixty-Two Thousand Five Hundred Dollars ($62,500.00).

7. Plaintiffs contracted with Simon Passanante, P.C. to pursue this cause of action against the Defendants, and pursuant to the contract of employment, Plaintiffs request the Court to approve payment of Forty-One Thousand Four Hundred Eight Dollars and Thirty-One Cents ($41,408.31) for attorney fees and Forty-One Thousand Eight-Hundred Twenty-Eight Dollars and Forty-Five Cents ($41,828.45) for expenses to their law firm which Plaintiffs represents are fair and reasonable.

8. The Plaintiffs seek the Court's approval of this settlement and an order awarding the net settlement proceeds for the exclusive use and benefit of Plaintiffs after deducting the attorney fees and expenses, and an order awarding the distribution of the net settlement proceeds to the Plaintiffs.  Plaintiffs and Defendants agree that these settlement proceedings for which the

3

approval of this Court is requested are not to be construed as an admission of liability on the part of anyone, with the Defendants denying that they were individually or collectively negligent or at fault with respect to the incidents or occurrences described in Plaintiffs' First Amended Complaint and denying any liability for the death of Bautista on April 10, 2002.

9. Plaintiffs request that the net amount of the settlement, less the attorney fee to Simon Passanante, P.C. in the amount of Forty-One Thousand Four Hundred Eight Dollars and Thirty-One Cents ($41,408.31) and the expenses paid to Simon Passanante, P.C. in the amount of Forty-One Thousand Eight-Hundred Twenty-Eight Dollars and Forty-Five Cents ($41,828.45), be paid and distributed from the settlement proceeds as follows:

    A. The sum of Thirty-Three Thousand Two Hundred Sixty-Three Dollars and Twenty-Four Cents ($33,263.24) to Maria Angelina Mendez Marquez.

    B. The sum of One Thousand Five Hundred Dollars ($1,500.00) to Maria Angelina Mendez Marquez on behalf of Jorge Escamilla Mendez.

    C. The sum of One Thousand Five Hundred Dollars ($1,500.00) to Maria Angelina Mendez Marquez on behalf of Juan Escamilla Mendez.

    D. The sum of One Thousand Five Hundred Dollars ($1,500.00) to Maria Angelina Mendez Marquez on behalf of Cruz Escamilla Mendez.

    E. The sum of One Thousand Five Hundred Dollars ($1,500.00) to Maria Angelina Mendez Marquez on behalf of Carlos Diego Escamilla Mendez.

10. Carlos Castillo, as the Next Friend of the minors Jorge Escamilla Mendez, Juan Escamilla Mendez, Cruz Escamilla Mendez and Carlos Diego Escamilla Mendez, believes and represents to the Court that it is in the best interest of the minors to accept the offer of settlement and compromise, and that the Plaintiffs and Carlos Castillo, as the Next Friend of the minors, are desirous of accepting and have accepted the offer to compromise subject to the approval of the Court and believes it is in the best interest of the minors to distribute the sums to the Plaintiffs as

requested in paragraph 9.

11.     Subject to the approval of this settlement by the Court, Plaintiffs have agreed to execute a General and Full Release of All Claims by the Plaintiffs against the Defendants arising out of the death of Bautista as is alleged in the First Amended Complaint, or that could have been alleged in the First Amended Complaint, and have agreed to execute a Next Friend's General and Full Release of all Claims on behalf of the minor children, Jorge Escamilla Mendez, Juan Escamilla Mendez, Cruz Escamilla Mendez and Carlos Diego Escamilla Mendez against the Defendants.

12.     Carlos Castillo, as the Next Friend of the minors, requests leave to waive a jury herein and to submit all issues of the proposed settlement to this Court for determination and for approval of the wrongful death settlement, as well as the settlement of the minors' claims against the Defendants herein.

**WHEREFORE**, Plaintiffs Maria Angelina Mendez Marquez, Carlos Castillo, as Next Friend of Jorge Escamilla Mendez, Juan Escamilla Mendez, Cruz Escamilla Mendez and Carlos Diego Escamilla Mendez, the minor children herein, Hilario Escamilla Trinadad and Forencia Bautista Pineda pray the Court to authorize them to waive a jury herein, to hear and determine the issues in this cause and to enter its order and judgment finding, adjudging and decreeing:

A.      That the aforementioned settlement is proper and is in the best interest of the Plaintiffs and the minors and is approved;

B.      That an order and judgment be entered herein approving the wrongful death settlement and approving the distribution of the proceeds of the settlement as requested by Plaintiffs in paragraph 9;

C.      That the Plaintiff Maria Angelina Mendez Marquez be ordered, empowered and authorized and directed to execute a General and Full Release of All Claims to the Defendants releasing and discharging each of them from any and all liability for the death of Bautista, and

5

for all claims alleged in the First Amended Complaint filed herein, and that Plaintiff Carlos Castillo, as the Next Friend of Jorge Escamilla Mendez, Juan Escamilla Mendez, Cruz Escamilla Mendez and Carlos Diego Escamilla Mendez, the minor children herein, be ordered, empowered, and authorized and directed to execute a Next Friend's General and Full Release of All Claims to Defendants releasing and discharging each of them from any and all liability to the minors on account of the death of Bautista as is alleged in the First Amended Complaint;

   D. That the Plaintiffs be ordered and empowered to pay Simon Passanante, P.C. the sum of Forty-One Thousand Four Hundred Eight Dollars and Thirty-One Cents ($41,408.31) as attorney fees and the sum of Forty-One Thousand Eight-Hundred Twenty-Eight Dollars and Forty-Five Cents ($41,828.45) for expenses incurred in this case from the settlement proceeds paid herein;

   E. That the Plaintiffs file a receipt herein confirming payment of the settlement proceeds to them in the amount approved by the Court herein;

   F. That each party bears their own respective costs and attorney fees incurred in this case;

   G. That Carlos Castillo be discharged as the Next Friend of Jorge Escamilla Mendez, Juan Escamilla Mendez, Cruz Escamilla Mendez and Carlos Diego Escamilla Mendez, the minor children herein, upon approval of this settlement and the payment of the judgment approved herein; and

   H. For such other and further relief as the Court deems just and proper.

                                        SIMON PASSANANTE, P.C.
                                        *A Professional Corporation*


By:    /s/ Anthony G. Simon_____
         Anthony G. Simon, MBE # 4369
         701 Market Street
         Suite 1450
         St. Louis, MO 63101
         (314) 241-2929 *telephone*
         (314) 241-2029 *facsimile*
         asimon@spstl-law.com


## Certificate of Service

      I hereby certify that on March 14, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: A.M. Spradling, III, Spradling, Spradling & Southard, 1838 Broadway, P.O. Drawer 1119, Cape Girardeau, MO 63702-1119 and Bryan Groh, Bryan Cave, LLP, 211 North Broadway, Suite 3600, St. Louis, MO 63102.


                                                    _____/s/ Anthony G. Simon_____